# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MELANIE ANNE TURNER STEELE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C15-4233-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Jon Stuart Scoles, then Chief United States Magistrate Judge. *See* Doc. No. 20. Judge Scoles recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case pursuant to sentence four of 42 U.S.C. § 405(g). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit

explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely

because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

3

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   THE R&R

Steele applied for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act) on April 23, 2012, alleging she became disabled on December 4, 2010, due to diabetes, depression, anxiety, neuropathy, high blood pressure and incontinence. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Steele was not disabled as defined in the Act. Steele argues the ALJ erred in determining that she was not disabled because:

1. The ALJ failed to properly weigh the medical opinion evidence in accordance with the regulations and provide good reasons for the weight given to each source.

2. The ALJ's residual functional capacity (RFC) assessment was not supported by substantial evidence.

*See* Doc. No. 17. Specifically, she argues that no evidence supported the ALJ's determination that Steele can stand and walk most of the day. To the contrary, all doctors opined that she would need a sedentary job. *Id*.

Judge Scoles first summarized the applicable legal principles. Doc. No. 20 at 9-11. He noted that an ALJ's RFC assessment must be based on all of the relevant evidence and must be supported be some medical evidence in the record. *Id*. at 10 (citing *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005); *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006); *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2004)). He also noted that the ALJ has a duty to develop the record fully and fairly, which may include ordering medical examinations and tests when the medical evidence is insufficient to determine

4

whether a claim is disabled. *Id.* at 10-11 (citing *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)).

Judge Scoles then noted that the record includes opinions from two state agency non-examining doctors, Dr. Byrnes and Dr. Cromer, and a consultative examining source, Amy J. Tegels, APRN. *Id*. at 11. He explained that all of these medical sources found Steele's ability to stand/walk was limited to no more than two hours in an eight-hour work day, meaning she is capable of sedentary work only. *Id*. (citing SSR 83-10, 1983 WL 31251 at *5-6). Judge Scoles pointed out that the ALJ addressed Dr. Cromer's and Tegels' opinions, but not Dr. Byrnes'.

Judge Scoles noted that the ALJ gave "substantial weight" to Dr. Cromer's opinion and adopted nearly all of his findings in the RFC, except for the standing/walking limitation. *Id*. at 12. The ALJ reasoned that the standing/walking limitation was not supported by the record, as there was no indication that treating providers has imposed a standing/walking restriction. *Id*. As for Tegels' opinion, the ALJ gave it "partial weight" and reasoned that the sedentary limitation appeared to based "solely on [Steele's] subjective complaints." *Id*. (citing the Administrative Record at 329).

After reviewing the record, Judge Scoles found that the ALJ failed to fully explain her reasons for determining that Steele is capable of light work as opposed to sedentary work. Specifically, he stated:

> First, the ALJ points to no evidence in the record to support her assertion that Dr. Cromer's standing/walking limitation "is not supported by the record." In fact, a review of the entire record demonstrates that beginning in March 2011, consistent with Dr. Cromer's and Tegels' opinions, Steele started complaining about foot tingling and pain, and was diagnosed with diabetic peripheral neuropathy. Additional treatment notes in 2011 and 2012 consistently provide diagnoses of diabetic peripheral neuropathy and complaints from Steele of foot pain, numbness, and tingling. Second, while the ALJ is correct that no treatment provider recommended a restriction on standing or walking, the record reveals that no treatment provider recommended any type of restriction or limitation as it pertains to Steele and her functional abilities. Third, the Court is unpersuaded that Tegels'

5

> reliance on Steele's "subjective complaints" is an adequate reason for disregarding Tegels' opinions. . . .Finally, the ALJ provides no explanation in her decision for her conclusion that Steele's RFC includes the ability to perform light work, even though the record shows that she was consistently diagnosed and treated for peripheral diabetic neuropathy, and Dr. Byrnes, Dr. Cromer, and Tegels all limited her [to] sedentary work.

*Id.* at 12-13. Based on the inconsistency between the ALJ's RFC and the medical opinions regarding Steele's ability to stand/walk, Judge Scoles found the ALJ's decision was not supported by substantial evidence. *Id.* at 13. He recommends that the ALJ's decision be reversed and this case remanded for the ALJ to fully and fairly develop the record as it pertains to Steele's RFC. *Id.* He also recommends that the ALJ order a consultative examination to address Steele's functional abilities and limitations, especially her ability to stand and walk during an eight-hour workday. *Id.*

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Scoles applied the appropriate legal standards in concluding the ALJ's RFC assessment was not supported by substantial evidence. I find no error – clear or otherwise – in his recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Scoles' R&R (Doc. No. 20) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Scoles' recommendation:
   a. The Commissioner's determination that Steele was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as discussed by Judge Scoles.
   b. Judgment shall enter in favor of Steele and against the Commissioner.

c. If Steele wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 23rd day of January, 2017.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE